In the

# United States Court of Appeals

## For the Seventh Circuit

No. 07-3604

LYNDA E. KADIA,

*Petitioner*,

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A99-028-214

ARGUED SEPTEMBER 4, 2008—DECIDED FEBRUARY 20, 2009

Before MANION, WOOD, and TINDER, *Circuit Judges*.

TINDER, *Circuit Judge*. Lynda E. Kadia, a native and
citizen of Cameroon, sought asylum, withholding of
removal and relief under the Convention Against Torture
("CAT"). The Immigration Judge ("IJ") denied her peti-
tions, finding that she failed to show past persecution or
a well-founded fear of future persecution within the
meaning of the Immigration and Nationality Act. Kadia

appealed to the Board of Immigration Appeals ("BIA"), and the BIA affirmed. Kadia then petitioned this court for review of the BIA's decision. For the reasons that follow, we grant her petition, vacate the BIA's order and remand for further proceedings consistent with this opinion.

## DISCUSSION

Kadia claims that she suffered persecution by the Cameroon anti-gang police who believed she held subversive political opinions. At the hearing before the IJ, Kadia testified as follows: On December 10, 2006, she heard a knock at her apartment door. When she opened the door, two men entered. They told her that she was under arrest and showed her an arrest warrant with her name on it. The men were not in uniform, but in civilian attire. Kadia asked them to identify themselves, and one produced a badge, which indicated to her that they were members of the Cameroon anti-gang or special police force. They arrested her and drove for three hours to an unfamiliar location and took her inside a building. Kadia asked the men what she had done, and they said she was a spy. They accused her of going to America to give away their country's military secrets, being a member of the opposition party, Southern Cameroon National Council ("SCNC"), which was planning to overthrow the government, supporting a university strike and sending arms to her village. They also mentioned a tribal chieftaincy problem between her uncle and her brother. They beat her and whipped her for about thirty minutes.

According to Kadia, she was locked in a room without windows where she was kept for eighteen days. She was given bread, water and bananas. During that time she was beaten and raped. Kadia, who was pregnant, began having contractions, lower abdominal pain and bleeding. After some period of time, her captors took her to the Biyansi district hospital, where she was admitted and had a miscarriage. After two days in the hospital, she escaped.

Kadia was a police officer, but she did not tell her superior officers what had happened because she was too frightened. Nor did she return to work after the ordeal. Instead, Kadia was in hiding from the time of her escape from the hospital until March 2, 2007, when she left Cameroon. She had planned to leave Cameroon in February. She changed her plans, however, because her uncle told her that people had been to her house looking for her and that they might still be searching for her, so she should wait until tensions died down.

The IJ denied Kadia's claims on two grounds. First, he concluded that she "failed to establish the underlying facts of her claim by the preponderance of credible, probative evidence. In other words, this Court does not believe that [her] story is entirely credible." A.R. at 82; *see also id.* at 93 ("[T]he application must be denied because the respondent has failed to meet her burden of proof."). The IJ also denied Kadia's claim based on his finding that she "failed to show that the harm she suffered constitutes persecution" on account of a protected ground. *Id.* at 82; *see also id.* at 93-94. He explained:

[T]his Court does not believe that the respondent has shown persecution on account of an imputed political opinion or that the government of Cameroon is unwilling or unable to protect her from the threats she received from her uncle. [Kadia testified her uncle had threatened to kill her in relation to the chieftaincy dispute.] *The respondent's testimony was too weak* to conclude that her detention in December 2006 was legitimate or at the behest or acquiescence of a legitimate government force. *The respondent's inconsistent testimony*, [and] the fact that she never sought help from her superiors in the police concerning the incident *raises serious doubt that the harm she suffered, if true, was on account of an imputed political opinion* and not a tribal issue. Thus, for this alternative reason, I find the respondent's application could not be granted.

*Id.* at 94 (emphases added).

Kadia appealed to the BIA, challenging both grounds for the IJ's decision. The BIA affirmed, stating: "We adopt and affirm the decision of the Immigration Judge with the following additions." *Id.* at 2. The BIA said:

We agree with the Immigration Judge, insofar as he found the respondent failed to meet her burden of establishing eligibility for asylum, withholding of removal and protection under the CAT, as the evidence on the record failed to sufficiently establish that the respondent was persecuted or would more likely than not be persecuted

on account of a protected ground, or tortured were she to return to Cameroon. As such, we find that the respondent has failed to meet her burden of establishing eligibility for asylum, withholding of removal and protection under the CAT. As we have found that the respondent failed to establish persecution on account of a protected ground, we need not address the Immigration Judge's adverse credibility finding. In view of the foregoing, the respondent's appeal is dismissed.

*Id.*

We review the agency's decision under "the substantial evidence" standard. *Ndonyi v. Mukasey*, 541 F.3d 702, 709 (7th Cir. 2008). Under this standard, we must affirm the agency's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quotations omitted). We will reverse "only if the evidence compels a contrary conclusion." *Torres v. Mukasey*, 551 F.3d 616, 624 (7th Cir. 2008) (quotations omitted). If the agency's decision is unsupported by a reasoned analysis, we must remand for further proceedings. *See Iao v. Gonzales*, 400 F.3d 530, 533 (7th Cir. 2005) (holding that the agency's opinion was not reasoned and thus vacating and remanding for a "rational analysis of the evidence"); *Cuellar Lopez v. Gonzales*, 427 F.3d 492, 493 (7th Cir. 2005) (remanding for clarification where the court could not determine "on what grounds [the BIA] affirmed the IJ's decision").

The BIA's order is insufficient because it lacks a reasoned analysis. It states that the BIA adopts and affirms

the IJ's decision with, as the BIA describes them, "additions." However, the order purports to neither adopt nor reject the IJ's adverse credibility finding. Perhaps it would have been more accurate to say that the BIA was adopting and affirming the IJ's decision with the exception of his adverse credibility finding, which it declined to consider.

More fundamentally, however, the BIA's conclusion that it need not address the IJ's credibility determination cannot be squared with its finding that Kadia failed to establish persecution on account of a protected ground. We have defined persecution as "'punishment' or the 'infliction of harm' which is administered on account of . . . race, religion, nationality, group membership, or political opinion" which "rise[s] above the level of mere 'harassment.'" *Tchemkou v. Gonzales*, 495 F.3d 785, 791 (7th Cir. 2007) (quotations and citations omitted). Kadia's testimony that members of the anti-gang or special police force arrested her and detained her for eighteen days, during which time she was beaten and raped, would seem to establish harm above the level of mere harassment. *See, e.g., id.* at 791-92 (concluding evidence was sufficient to establish past persecution where alien was beaten by Cameroonian police, detained and deprived without food, water and sanitation facilities, forced to clean human waste off the floor, and then hospitalized for two weeks to recover). Furthermore, Kadia's testimony that her captors accused her of being a U.S. spy, training in America, being a member of SCNC which was planning to overthrow the government, supporting a student strike, and smuggling arms into her village

would seem to show that the violence she suffered was motivated by the political opinion her captors attributed, rightly or wrongly, to her. See *Mema v. Gonzales*, 474 F.3d 412, 417 (7th Cir. 2007) (indicating that to succeed on a claim of imputed political opinion, a petitioner must show that her persecutors attributed a political opinion to her and this was the motive for the persecution), and cases cited therein. If Kadia's story is credited, then her detention and abuse by the Cameroonian anti-gang or special police force would seem to constitute past persecution based on imputed political opinion.

Thus, the BIA could not have found that Kadia failed to show persecution on account of a protected ground without at least implicitly adopting the IJ's finding that she was not entirely credible. The Attorney General's supplemental authority asserts that inasmuch as the BIA did not expressly reject the IJ's adverse credibility finding, it adopted that finding. But this suggests that the BIA didn't mean what it said when it stated that it need not address the IJ's credibility finding. We hesitate to find that the BIA did that which it expressly said it declined to do.

The First Circuit considered a similar situation in *Halo v. Gonzales*, 419 F.3d 15 (1st Cir. 2005), where the IJ denied Halo's claims for asylum, withholding of removal and relief under CAT on the ground that Halo was not credible. The BIA affirmed. Though the BIA noted the IJ's credibility finding, it did not adopt it. Instead, the BIA assumed that Halo was credible and found, without explanation, that he had not shown persecution on

account of his political opinion or any other protected ground. *Id.* at 16. The court stated that assuming Halo's testimony was true, it was unclear why he had not shown past persecution on account of his political opinion. *Id.* at 19. The court therefore vacated and remanded to the BIA for clarification of the reasons for its conclusion. *Id.* at 19-20.

And so it is here. The BIA said that it need not address the IJ's adverse credibility finding, but concluded, without explanation, that Kadia failed to establish persecution on account of a protected ground. We cannot affirm the BIA if the basis for its decision is unclear. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) ("If the administrative action is to be tested by the basis upon which it purports to rest, that basis must be set forth with such clarity as to be understandable."); *Gebreeyesus v. Gonzales*, 482 F.3d 952, 955-56 (7th Cir. 2007) (remanding where BIA gave no reasoned explanation for its denial of a motion to reopen removal proceedings). It is unclear to us why Kadia's testimony fails to establish past persecution on account of imputed political opinion. And because the BIA could not have affirmed the IJ without adopting his adverse credibility finding, which it said it declined to reach, we must conclude that the BIA's decision is unsupported by a reasoned analysis. We therefore remand to the BIA for clarification of the reasons for its decision. This will inevitably require the BIA to address the IJ's adverse credibility finding.

## CONCLUSION

The petition for review is GRANTED, the BIA's order is VACATED, and this case is REMANDED to the BIA for further proceedings consistent with this opinion.